UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:11-cr-0146 WTL-KPF |
| ERIK S. EPPERSON, | ) |
| Defendant. | ) |

**PLEA AGREEMENT**

The United States of America, Joseph H. Hogsett, the United States Attorney for the Southern District of Indiana, and by Gayle L. Helart, Assistant United States Attorney, and the defendant, ERIK S. EPPERSON, in person and by counsel, John A. Kesler II, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1. ERIK S. EPPERSON agrees to plead guilty to Count 1 of the Information. Count 1 charges that ERIK S. EPPERSON traveled in interstate commerce for the purpose of engaging in any illicit sexual conduct with another person.

2. ERIK S. EPPERSON understands that the conduct charged in Count 1 is in violation of 18 U.S.C. § 2423(b) (travel with intent to engage in illicit sexual conduct) and is punishable by a maximum term of imprisonment of not more than thirty (30) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment of not less than 5 years and up to the lifetime of ERIK S. EPPERSON.

SCANNED

3. The elements of 18 U.S.C. § 2423(b) are: (1) the defendant traveled in interstate commerce; and (2) the purpose in traveling in interstate commerce was to engage in a sexual act with a minor.

## GENERAL PROVISIONS

4. ERIK S. EPPERSON acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that he will be sentenced to a term of imprisonment of between 70 months and 87 months provided he demonstrates a recognition and affirmative acceptance of responsibility for his conduct. ERIK S. EPPERSON understands that the amount of any fine and any term of supervised release, subject to a minimum term of 5 years supervised release being ordered, will be left to the discretion of the Court. ERIK S. EPPERSON acknowledges that this Plea Agreement is governed by Fed. R. Crim. P.(c)(1)(C) and that pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects the Plea Agreement, the Court will advise ERIK S. EPPERSON personally in open court that the Court is not bound by the Plea Agreement, afford ERIK S. EPPERSON the opportunity to then withdraw the plea, and advise him that if he persists in a guilty plea that the disposition of the case may be less favorable to him than that contemplated by the Plea Agreement.

## SPECIFIC PROVISIONS

5. At the time of sentencing, the parties agree that a specific sentencing range of between 70 months and 87 months is the appropriate disposition of the case and will ask the Court to impose a sentence within this range.

6. ERIK S. EPPERSON will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. §3013 for Count 1 of the Information.

7. ERIK S. EPPERSON will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for the collection of any restitution and fines imposed by the Court.

8. The parties are free to present evidence and arguments concerning the length of the period of supervised release that ERIK S. EPPERSON must serve following the term of imprisonment. The Government will ask for a term of supervised release of life. ERIK S. EPPERSON may ask for a term less than life, but in not less than at or above a level of five years (60 months), pursuant to 18 U.S.C. §3583(k)

9. The parties agree that the Court should impose the following special conditions of supervised release:

> a. ERIK S. EPPERSON shall not possess any pornography, erotica, or nude images. Any such material found in EPPERSON's possession shall be considered contraband and may be confiscated by the probation officer.
>
> b. ERIK S. EPPERSON shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.
>
> c. ERIK S. EPPERSON shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the U.S. Probation Officer. In determining whether to approve such contacts involving members of EPPERSON's family, the Probation Officer shall determine if EPPERSON has

notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this conditions is not intended to prevent approval of the contact.

d. ERIK S. EPPERSON shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school pursuant to 18 U.S.C. §§3583(d) and 4042(c).

e. ERIK S. EPPERSON shall submit to the search of his person, vehicle, place of employment, office/business, residence, and property, to include computer systems and its peripheral devices with the assistance of other law enforcement as necessary. EPPERSON shall submit to the seizure of contraband found by the Probation Officer. EPPERSON shall warn other occupants the premises may be subject to searches.

f. ERIK S. EPPERSON shall consent, at the direction of the U.S. Probation Officer, to having installed on his computer(s), any hardware or software systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. EPPERSON will warn other occupants of the existence of the monitoring software placed on his computer(s).

g. ERIK S. EPPERSON shall provide a DNA sample as directed by the probation officer.

h. ERIK S. EPPERSON shall pay all costs associated with his supervision.

10. At the time of sentencing, the Government will make known to the Court the nature, timing, and extent of ERIK S. EPPERSON's acceptance of responsibility.

11. Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a fine and order restitution in this case and the amount of any such fine and restitution.

12. ERIK S. EPPERSON agrees to cooperate with the Government, including, but not limited to, Government attorneys, law enforcement officers, members of the Behavioral Science Unit of the Federal Bureau of Investigation, and mental health professionals at the Government's request. ERIK S. EPPERSON agrees to provide complete and truthful debriefings concerning any and all information of which he has knowledge relating directly or indirectly to his involvement, and that of others, in all criminal activity and related matters that concern the subject matter of this investigation and prosecution. ERIK S. EPPERSON agrees to attend all meetings, grand jury sessions, trials or other proceedings as requested, to respond and/or testify truthfully and completely to all questions or inquiries, and to produce documents, records, or other tangible evidence as requested. ERIK S. EPPERSON expressly waives the presence of counsel at meetings and agrees that the Government may contact him without prior approval. At any time during such meetings, ERIK S. EPPERSON may request presence of counsel and obtain his/her presence if desired. ERIK S. EPPERSON agrees to not commence any contact with potential suspects or targets, unless and until specifically directed to do so by a law enforcement officer participating in this case.

13. This cooperation agreement extends beyond the Southern District of Indiana, to the extent any other judicial district agrees to accept the terms of this Plea Agreement. If ERIK S. EPPERSON has not completed his cooperation at the time of sentencing, he recognizes that he has a continuing obligation to cooperate thereafter. If ERIK S. EPPERSON refuses to complete this cooperation agreement, he recognizes that the Government will consider that a breach of the Plea Agreement.

14. The Government and ERIK S. EPPERSON recognize that the complete and truthful information and/or testimony he provides under this Plea Agreement will not be used to bring additional criminal charges against him provided in this Plea Agreement, with the following three exceptions: (1) the Government may use it to prove the charges contained in the Information in this case; (2) the Government may use it to prosecute ERIK S. EPPERSON for making false statements, obstruction, or perjury, whichever is appropriate; and (3) the Government may use it to prosecute ERIK S. EPPERSON for any conduct or action that constitutes a crime of violence under federal or state law, including contact sexual offenses, not currently known to the Government during this investigation.

15. The Government agrees that any self-incriminating information that ERIK S. EPPERSON might provide as a result of the cooperation, although available to the Court, will not be used against him in determining his sentence. ERIK S. EPPERSON understands that any information given by him as a result of the cooperation required by the terms of this Plea Agreement may be referred to by the presentence report preparer as an indication of his acceptance of responsibility and may be referred to as his version of the events leading to the charges. Pursuant to U.S.S.G. §1B1.8, the provisions of this paragraph shall not be applied to

restrict any such information: (1) that is known to the attorney for the Government prior to the date of this Plea Agreement; (2) that concerns the existence of prior convictions and sentences in determining ERIK S. EPPERSON's criminal history category and related issues; (3) that is used in a prosecution for perjury, obstruction, or giving a false statement; or (4) that is used in the event there is a breach of the cooperation provisions of this Plea Agreement.

16. If ERIK S. EPPERSON continues to cooperate, the Government will file a motion prior to sentencing pursuant to U.S.S.G. § 5K1.1 seeking a three (3) level reduction in the offense level if the Government determines that ERIK S. EPPERSON's cooperation with law enforcement authorities provided information that was of substantial assistance in the investigation and prosecution of another person who has committed a criminal offense.

17. The United States Attorney for the Southern District of Indiana agrees not to file any further charges against ERIK K. EPPERSON for producing, distributing, receiving, transporting, possessing child pornography, or travel with intent to engage in any illicit sexual conduct, arising from his presently known criminal conduct in the Southern District of Indiana and which directly relate to the conduct currently known and the material currently in the possession of the Federal Bureau of Investigation in Terre Haute and Indianapolis.

18. ERIK S. EPPERSON agrees to not commit any new federal, state, or local offenses while this case is pending. Violation of this condition will relieve the Government of its obligations under this Plea Agreement.

## Asset Forfeiture

19. ERIK S. EPPERSON hereby abandons all right, title, and interest in all of the property seized by the Federal Bureau of Investigation from on or about July 8, 2011, including but not limited to, a computer, computer storage media, and cellular telephone, containing images of minors engaging in sexually explicit conduct and child erotica.

ERIK S. EPPERSON hereby relinquishes any and all right, title and interest in the seized property, in order that appropriate disposition may be made thereof by the United States.

ERIK S. EPPERSON agrees to fully assist the Government in the transfer to the United States of the seized property identified in this paragraph, including executing all documents necessary to pass clear ownership to the United States. This includes, but is not limited to, signing settlement agreements, consent judgments of forfeiture and deeds. He agrees to execute all such documents when requested.

ERIK S. EPPERSON also agrees not to contest any forfeiture action brought against said property or raise any affirmative defenses to any forfeiture actions brought by the United States, whether the action is administrative or judicial, civil or criminal.

ERIK S. EPPERSON agrees that if he breaches this Plea Agreement and the prosecution is reinstated, the provisions relating to his abandonment and forfeiture of the seized property may not be set aside, and that he may not contest any transfer, judgments, orders, or agreements of forfeiture to the United States into which he has previously entered.

ERIK S. EPPERSON hereby releases the United States from any and all claims, demands, rights and causes of action of whatsoever kind and nature that he may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the

disposition of the seized property including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown

## SENTENCING GUIDELINE STIPULATIONS

20. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

### Count 1
### (Travel With Intent to Engage In Illicit Sexual Conduct)

21. The parties stipulate that U.S.S.G. §2G1.3 covers violations of 18 U.S.C. §2423(b) (travel with intent to engage in illicit sexual conduct) and that the Base Offense Level is 24 pursuant to §2G1.3(a)(4).

   a. The parties agree that a two (2) level increase applies because the offense involved the use of a computer or interactive computer service to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with the minor, pursuant to §2G1.3(b)(4).

   b. The parties agree that a two (2) level increase applies because the offense involves the commission of a sex act or sexual contact pursuant to §2G1.3(b)(4).

   c. The parties agree that a five (5) level increase applies because the instant offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct pursuant to § 4B1.5(b).

   d. The offense level for Count 1 of the Information is 33.

## Acceptance of Responsibility

22. To date, ERIK S. EPPERSON has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Based upon his willingness to accept a plea agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the government agrees that ERIK S. EPPERSON should receive a two (2) level reduction *provided* he satisfies the criteria set forth in Guideline §3E1.1(a) and (b) up to and including the time of sentencing. ERIK S. EPPERSON timely notified the government of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently. After ERIK S. EPPERSON enters a plea of guilty, the government intends to file a motion to U.S.S.G. §3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning ERIK S. EPPERSON's acceptance of responsibility at the time of sentencing.

## Waiver Of Appeal

23. ERIK S. EPPERSON understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, he agrees that in the event the Court sentences him to a term of imprisonment of between 70 months and 87 months, regardless of how the sentence is calculated by the Court, he expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. §3742. Additionally, he also expressly agrees not to contest his guilty plea, sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. §2255. This waiver of appeal specifically includes all provisions of the sentence imposed in this case, including the guilty plea, sentencing, terms of the supervised release and the amount of any restitution, fine, or forfeiture.

## FINAL PROVISION

24.     ERIK S. EPPERSON acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce ERIK S. EPPERSON to plead guilty. This document is the complete and only plea agreement between ERIK S. EPPERSON and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney for the
Southern District of Indiana

8/11/11
DATE

Gayle L. Helart
Assistant United States Attorney

8.12.11
DATE

Joe H. Vaughn
Chief, Criminal Division

8/9/11
DATE

ERIK S. EPPERSON
Defendant

8/9/11
DATE

John A. Kesler II
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

_8/9/11_
Date

_____
ERIK S. EPPERSON
Defendant